HENRY R. RICCI, PLAINTIFF-RESPONDENT, v. SENIOR CITIZENS & TAXPAYERS FED UP WITH BYRNE DEMOCRATS, *ET AL.*, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 13, 1979—Decided March 19, 1979.

Before Judges CONFORD, PRESSLER and KING.

*Mr. Darrell Fineman* argued the cause for defendant-appellant George Luciano (*Messrs. Shapiro, Eisenstat, Capizola, O'Neill & Gabage, Esqs.,* attorneys).

*Mr. Richard M. Conley* argued the cause for plaintiff-respondent New Jersey Election Law Enforcement Commission (*Mr. Edward J. Farrell,* attorney).

PER CURIAM. Appellants Luciano and Melini appeal from a decision of the Election Law Enforcement Commission ("ELEC") finding them in violation of the New Jersey Campaign Contributions and Expenditures Reporting Act, *N. J. S. A.* 19:44A–1 *et seq.* ("reporting act," hereinafter) and fining them $500 each. They were charged, along with others, with being members of a "political committee" which had failed to comply with §§ 10 and 12 of the reporting act.

Section 10 (*N. J. S. A.* 19:44A–10) requires every "political committee," among other types of organizations, before receiving any contribution or expending any money toward the election or defeat of any candidate, to appoint a campaign treasurer and designate one campaign depository

and file the name and address thereof with ELEC. Section 12 (*N. J. S. A.* 19:44A–12) provides that all funds received by a campaign treasurer of a "political committee," among other types of organizations, shall be deposited by the campaign treasurer in the campaign depository by a designated time. Reports as to such deposits are to be filed with ELEC.

The proceedings before ELEC were initiated by a complaint by Henry R. Ricci, a Democratic candidate for election to the General Assembly from Cumberland and Cape May Counties in the November 3, 1975 general election, over a paid advertisement highly critical of Ricci published in certain local newspapers the day before the election. It purported to be paid for by one Lewis F. Smith on behalf of "Senior Citizens and Taxpayers Fed Up with Byrne Democrats" ("Senior Citizens"). The total costs involved in the preparation and publication of the advertisement were $401.24. There is no indication in the record that Senior Citizens expended or collected for its organizational purposes at any time more than the stated amount. There is also no dispute but that the organization did not comply with the requirements of § 10 and § 12 of the reporting act with respect to contributions or expenditures connected with the published advertisement.

The initial brief of appellants in this case, which was filed December 14, 1977, made two points. The first was that the reporting act was unconstitutional, as held in *N. J. St. Chamber of Commerce v. N. J. Elec. Law Enforcem. Comm'n,* 135 *N. J. Super.* 537 (Ch. Div. 1975), rev'd December 20, 1977 in *N. J. St. Chamber of Commerce v. N. J. Elec. Law Enforcem. Comm'n,* 155 *N. J. Super.* 218 (App. Div.); second, that whether by the test of guilt beyond a reasonable doubt or by that of the preponderance of the evidence, culpability of appellants was not established. We need not pass upon the merit of the contention as to the sufficiency of the proofs to establish guilt as we are entirely satisfied that, under the decision of this court in the *N. J. St. Chamber of Commerce* case cited above, Senior Citizens

is not constitutionally subject to the requirements of §§ 10 and 12 of the reporting act because its expenditures and collections were less than $750. An argument to the stated effect was made in a supplemental brief submitted by appellants by leave of court after the oral argument, and it was responded to by respondent herein.

In *N. J. St. Chamber of Commerce, supra,* dealing with "political information organizations," which are subject generally to the same kinds of reporting and financial depository requirements as political committees, we held that the reporting act could withstand attack on First Amendment grounds only if the court interpolated a $750 annual threshold into the statute, and we did so. 155 *N. J. Super.* at 231. The rationale was that political information organizations (generally those lobbying for or against legislation) expending less than that amount were, by and large, groups so small in size or consequence that imposition of the requirements of the act upon them would impermissibly chill their exercise of freedom of expression in the form of activities of the kind conducted by such organizations, as against the degree of governmental interest served by including them in the requirements of the act. *Ibid.*

Appellants now argue that the activities of political committees such as Senior Citizens are sufficiently cognate to those of political information organizations as to render it necessary, in order to save the constitutionality of the act in relation to such organizations, to apply the same $750 threshold for expenditures as we imposed with respect to political information organizations in the *N. J. Chamber of Commerce* case. We are persuaded that the argument is sound. Indeed, this organization, judging from the content of its advertisement critical of Ricci, may colorably come within the statutory definition of a political information organization[1] as well as that of a political committee. In

---

[1]The statute defines a political information organization, in part, as "any two or more persons acting jointly, or any corporation,

any event, concerted campaign activity for or against a candidate for public office is, in our view, just as much an exercise of the right of freedom of expression and association as lobbying for or against the adoption of legislation. *Cf. Buckley v. Valeo,* 424 *U. S.* 1, 14–16, 96 *S. Ct.* 612, 46 *L. Ed.* 2d 659 (1976).

In view of the foregoing we hold that Senior Citizens, whether regarded as a political committee or as a political information organization under the reporting act, having expended in connection with the election in question less than $750, was not constitutionally subject to the requirements of §§ 10 and 12 of the act.[2] Consequently, appellants were not subject to a charge of violation of the act in respect of the transaction here involved.

partnership, or any incorporated or unincorporated association * * * which is organized for the purpose of, or which provides political information concerning any candidate or candidates for public office * * *." But since a filed report of Senior Citizens said it was acting in behalf of the Republican candidates in the election, it is probably more properly classifiable as a "political committee" than as a "political information organization."

[2] Our holding is not intended to be at all applicable to state, county or municipal committees of a political party. Entirely different considerations may be pertinent in respect of the relationship of First Amendment rights to the statutory requirements as to those kinds of permanent committees of a quasi-official character.